**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

DESHAWN WASHINGTON,

       Plaintiff,

v.                                     CASE NO.:   3:24-cv-497-DJH

MESA FOODS, LLC
D/B/A TEASDALE FOODS, INC.,

       Defendant.

—————————————

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, Defendant Teasdale Foods, Inc. d/b/a Mesa Foods, LLC ("Defendant" or "Teasdale Foods"), incorrectly identified in the Complaint as Mesa Foods, LLC d/b/a Teasdale Foods, Inc., by and through undersigned counsel, hereby removes Case No. 24-CI-005260, *Deshawn Washington v. Mesa Foods, LLC d/b/a Teasdale Foods, Inc.*, an action filed in the Jefferson County Circuit Court in the Commonwealth of Kentucky (the "State Court Action"), to the United States District Court for the Western District of Kentucky. Teasdale Foods removes the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441, on the factual and legal grounds discussed below.

**I.    PLEADINGS AND PROCESS**

1.    On or about July 26, 2024, the above-captioned action was commenced in the Jefferson County Circuit Court in the Commonwealth of Kentucky, entitled *Deshawn Washington v. Mesa Foods, LLC d/b/a Teasdale Foods, Inc.* and assigned Case No. 24-CI-005260 ("Complaint").

1

2.      On or about July 30, 2024, Teasdale Foods was served with a copy of the Civil Summons and the Complaint.  A copy of the Complaint, Civil Summons and all process, pleadings, and orders served upon Teasdale Foods, as well as Defendant's Answer, filed on August 19, 2024, are attached hereto as **Exhibit A** in accordance with 28. U.S.C. § 1446(a).

3.      This removal is timely pursuant to 28 U.S.C. §1446(b), having been made and filed within thirty (30) days of Teasdale Foods's receipt, through service, of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4.      The United States District Court for the Western District of Kentucky is the proper district for removal from the Jefferson Circuit Court. 28 U.S.C. §§ 1441(a) and 1446(a). The Jefferson Circuit Court is located within the Western District of Kentucky, Louisville Division.

## II.      DIVERSITY JURISDICTION

5.      As explained in detail below, this Court has diversity jurisdiction over Plaintiff's State Court Action under 28 U.S.C. § 1332, because diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Citizenship

6.      Plaintiff Deshawn Washington ("Plaintiff') is, and was at the time of the filing of this action, a citizen of Kentucky. (Compl. ¶ 1.)

7.      Teasdale Foods is, and was at the time of the filing of this action, incorporated in the state of Delaware with its principal business located in Texas.

8.      Complete diversity of citizenship exists between the parties, because Plaintiff and Teasdale Foods are citizens of different states.

### B.      Amount in Controversy

9.      The amount in controversy is to be determined based on the Plaintiff's Complaint at the time the notice of removal is filed. *Klepper v. First Am. Bank,* 916 F.2d 337, 340 (6th Cir. 1990).

10.     Plaintiff's Complaint does not specify the amount in controversy. However, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction. When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

11.     The Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is met. *Lindon v. Kakavand,* 2013 WL 5441981, at *6 (E.D. Ky. Sept. 27, 2013). Here, based on the nature of the claims alleged by Plaintiff, it is apparent from the face of the Complaint that the $75,000 amount in controversy requirement is satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (the court may look to the nature of the injuries alleged).

12.     In his Complaint, Plaintiff alleges claims of disability discrimination and retaliation and seeks damages based on alleged violations of the Kentucky Civil Rights Act, KRS Chapter 344.010 et seq. (Compl. ¶¶ 9-12).  Specifically, Plaintiff seeks (1) compensatory damages; (2) damages for emotional distress, mental anguish, humiliation and embarrassment; (3) punitive damages; (4) reasonable costs, expenses, and attorney fees; and (5) statutory interest in all damages awards, verdicts, or judgments. (Compl. at p. 3.)

13.     Without admitting any liability whatsoever, and the same being expressly denied, Teasdale Foods is informed and believes that if Plaintiff's claims were proven true, at the time of removal Plaintiff would seek damages in excess of $75,000.

14.     If successful on his disability discrimination and retaliation claims, Plaintiff may recover actual damages, including damages for back pay, front pay, lost benefits, emotional distress damages, and attorney's fees. KRS § 344.450; *Meyers v. Chapman Printing Co.*, 840 S.W.2d 814, 817 (Ky. 1992). When determining the amount in controversy, courts have considered the amount of back pay actually sought, not just the back pay accrued at the time of filing. *See Weaver v. AT & T Corp.*, No. 10-146-C, 2010 WL 2521462, *2 (W.D. Ky. June 18, 2010) (collecting cases and denying remand after considering back pay beyond the time of removal); *see also Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, *2 (W.D. Ky. Oct. 1, 2012).

15.     Plaintiff's employment ended on or about July 1, 2024.  At the time his employment ended, Plaintiff was earning approximately $32.56/hour and worked approximately forty hours per week. Extrapolating Plaintiff's hourly rate, Plaintiff was earning approximately $67,724.80 per year. In this case, back pay would total more than $126,984.00 if trial occurs within 22.5 months of the filing of Plaintiff's lawsuit in Federal Court.[1]   If Plaintiff also received front pay for two (2) to three (3) years, and assuming he attempted to mitigate his damages, he could be entitled to an additional $135,449.60 to $203,174.40 in front pay.

16.     Plaintiff's request for damages for emotional distress and statutory attorneys' fees may also be considered when determining the amount in controversy. *See* KRS § 344.050;

---

[1] See Table C-5 at https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2019/03/31 (last accessed August of 2024).

*Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Teasdale Foods is also permitted to demonstrate the amount in controversy by introducing evidence of jury verdicts in cases where plaintiffs have alleged emotional distress, as does Plaintiff here. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033−34 (N.D. Cal. 2002). This evidence further demonstrates that Plaintiff's claim exceeds $75,000. *See, e.g.*, *Banker v. Univ. of Louisville Athletic Assoc., Inc.*, 466 S.W.3d 456, 464 (Ky. 2015) (upholding $300,000 emotional distress verdict for violation of the Kentucky Civil Rights Act); *Jansen v. Lake Cnty. Bd. Comm'rs*, 1992 WL 455576 (N.D. Ind. March 1992) (awarding $570,000 to plaintiff claiming emotional distress after termination); *Mullen v. Griffin Indus., Inc.*, 2004 WL 4113917 (Ky. Aug. 2004) (awarding $120,752 to plaintiff claiming retaliation for filing a workers' compensation claim).

17.     While Teasdale Foods specifically denies Plaintiff's claims and entitlement to any and all of the remedies demanded, based on the face of the Complaint, it is evident that Plaintiff's disability discrimination and retaliation claims could result in recovery beyond the jurisdictional threshold. Specifically, Plaintiff's claims could lead to recovery for backpay, front pay, unpaid wages, and emotional distress damages. *Spence v. Centerplate*, 931 F. Supp. 2d 779 (W.D. Ky. 2013) (holding that the defendant "established that Plaintiff's claims could exceed the amount in controversy" when it showed that the plaintiff could recover up to $17,540 in back pay, $35,100 in future wages, damages for humiliation and emotional distress, and punitive damages).

18.     Based on these combined damages, Teasdale Foods has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.

## III.     TIMELINESS OF REMOVAL

19.     This Notice of Removal is timely filed.

20.     Plaintiff filed the Complaint on July 26, 2024.  Teasdale Foods was served with the Civil Summons and Complaint on July 30, 2024.

21.     Teasdale Foods now files this Notice of Removal within 30 days of receiving service of the Civil Summons and Complaint, and within one year of the date on which the complaint was filed.

22.     For all of the foregoing reasons, this Court has jurisdiction over this lawsuit. 28 U.S.C. § 1332.

23.     Therefore, Teasdale Foods respectfully removes to this Court Plaintiff's action now pending in the Jefferson Circuit Court in Jefferson County, Kentucky.

24.     Teasdale Foods's Corporate Disclosure statement is filed herewith as **Exhibit B.**

PLEASE TAKE FURTHER NOTICE that Defendant Teasdale Foods, upon filing this Notice of Removal with the Clerk of the U.S. District Court for the Western District of Kentucky, has served the Notice of Removal on counsel for Plaintiff on the date set forth in the attached Certificate of Service, and has also filed a copy of this Notice of Removal with the Clerk of the Jefferson Circuit Court, to effect removal of this action to this Court, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ Haley S. Crum_____
C. Laurence Woods III
lwoods@fbtlaw.com
Haley S. Crum
hcrum@fbtlaw.com
FROST BROWN TODD LLP
400 West Market Street, Suite 3200
Louisville, KY 40202
Telephone: 502-589-5400
Facsimile: 502-581-1087

6

*Counsel for Defendant Teasdale Foods, Inc. d/b/a Mesa Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August, 2024, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Kurt A. Scharfenberger
kurt@scharfenberger-law.com
9000 Wessex Place, Suite 204
Louisville, KY 40222
Telephone: (502) 561-0777
*Counsel for Plaintiff*

/s/ Haley S. Crum_____
*Counsel for Defendant Teasdale Foods, Inc. d/b/a Mesa Foods, LLC*

EN21652.Public-21652   4876-3514-5942v2

7