# EXHIBIT A

Filed          24-CI-005260   07/26/2024          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/29/2024 10:06:36 AM
HALEY.STEINMETZ72@GMAIL.C

**CIVIL ACTION NO. _____**                    **JEFFERSON CIRCUIT COURT**

**DIVISION _____**

**JUDGE _____**

**DESHAWN WASHINGTON**                                  **PLAINTIFF**
**1384 BARDSTOWN ROAD UNIT A**
**LOUISVILLE, KY 40204**

**V.**                          **COMPLAINT**

**MESA FOODS, LLC**                                      **DEFENDANT**
**D/B/A TEASDALE FOODS, INC.**
**2115 E. BELT LINE RD.**
**CARROLLTON, TX 75006**

**SERVE:**

**CSC GLOBAL**
**421 W. MAIN ST.**
**FRANKFORT, KY 40601**

**I.      INTRODUCTION**

Comes the Plaintiff, DESHAWN WASHINGTON (hereinafter "WASHINGTON" or "Plaintiff"), and for Plaintiff's Complaint against the Defendant TEASEDALE FOODS, INC. (hereinafter "TEASEDALE FOODS, INC." or "Defendant") ("the Defendant") and states as follows:

**II.      PARTIES, JURISDICTION, AND VENUE**

1.      WASHINGTON is an individual residing in Kentucky.

2.      Defendant TEASEDALE FOODS, INC. is a corporation doing business in JEFFERSON County, Kentucky.

3.      Venue is proper in JEFFERSON County, Kentucky, pursuant to Kentucky Revised Statutes ("KRS"), Chapter 452 because the Defendants maintain regularly transacts business in

Filed          24-CI-005260   07/26/2024          David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000001 of 000004

Filed   24-CI-005260   07/26/2024   David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/29/2024 10:06:36 AM
HALEY.STEINMETZ72@GMAIL.C

JEFFERSON County, Kentucky and the events giving rise to this cause of action arose in JEFFERSON County, Kentucky.

4.      A case and controversy exist between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court.[1]

### III.   FACTS

5.      WASHINGTON is a former employee of Defendant. WASHINGTON is 42 years old.

6.      WASHINGTON worked for the Defendant from July 2021 until June 2024. Plaintiff worked as a maintenance project specialist at Defendant's JEFFERSON County location. Plaintiff earned $32.56 per year while employed by the Defendant.

7.      While employed by the Defendant, Plaintiff disclosed that Plaintiff suffered from disabling Crohn's disease.  This medical condition left Plaintiff disabled (and unable to perform major life activities), but he was able to work with reasonable accommodations, which included doctor visits and appropriate leave for hospitalization/ER.  The Defendant however refused Plaintiff's requests for accommodations and discriminated against him based upon his disability. The Plaintiff complained to management including Mikell (GM).

8.      After Plaintiff's complaint the Defendant terminated Plaintiff's employment in retaliation.

### IV.   CLAIMS AND CAUSES OF ACTION

#### A.   DISABIITY DISCRIMINATION

9.      WASHINGTON re-alleges all allegations contained in Paragraphs 1 through 8 above as if fully set forth herein.

---

[1] This stipulation indicates Plaintiff's willingness to enter a formal stipulation limiting damages thereby negating the need for removal proceedings.

Page 2

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000002 of 000004

Filed    24-CI-005260    07/26/2024    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/29/2024 10:06:36 AM
HALEY.STEINMETZ72@GMAIL.C

10.    The Defendant's actions in discharging WASHINGTON constitute Disability discrimination, failure to accommodate under the Kentucky Civil Rights Act, Chapter 344 *et. seq.* (hereinafter "KRS 344")

## B.    UNLAWFUL RETALIATION KRS 344.280

11.    WASHINGTON re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12.    The Defendant's actions in altering Plaintiff's employment in retaliation for Plaintiff's complaints constitute an actionable wrongful retaliation in violation of KRS 344.280.

## V.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that Plaintiff for the following relief:

A.    Trial by jury.

B.    Judgment against the Defendant on all claims asserted herein.

C.    Compensatory damages including but not limited to past and future lost wages and past and future lost benefits.

D.    Compensatory damages including but not limited to emotional distress, mental anguish, humiliation, and embarrassment.

E.    Punitive damages to punish and deter similar future unlawful conduct.

F.    An award of statutory attorney fees, costs, and expenses; and

G.    Statutory interest in all damage awards, verdicts, or judgments.

H.    All other relief to which it may appear entitled to Plaintiff.

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000003 of 000004

Filed    24-CI-005260    07/26/2024    David L. Nicholson, Jefferson Circuit Clerk

Filed    24-CI-005260    07/26/2024    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/29/2024 10:06:36 AM
HALEY.STEINMETZ72@GMAIL.C

Respectfully submitted,

/s/ Kurt A. Scharfenberger

_____

Kurt A. Scharfenberger
9000 Wessex Place, Suite 204
Louisville, Kentucky 40222
(502) 561-0777
Kurt@scharfenberger-law.com
*Attorney for the Plaintiff*

Presiding Judge: HON. ANNIE O'CONNELL (630384)

COM : 000004 of 000004

---
**Page 4**
---

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #:  **24-CI-005260**<br>Court:  **CIRCUIT**<br>County:  **JEFFERSON Circuit** |

NOT ORIGINAL DOCUMENT
08/29/2024 10:08:36 AM
HALEY.STEINMETZ72@GMAIL.C

*Plantiff,* **WASHINGTON, DEWSHAWN VS. MESA FOODS LLC**, *Defendant*

TO:  **MESA FOODS LLC**

    **2115 E. BELT LINE ROAD**

    **CARROLLTON, TX 75006**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **7/26/2024**

*Presiding Judge: HON. ANNIE O'CONNELL (630384)*

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

*CI : 000001 of 000001*

Summons ID: @00001074328
CIRCUIT: 24-CI-005260 Certified Mail
WASHINGTON, DEWSHAWN VS. MESA FOODS LLC



Page 1 of 1





AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice          *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:04 AM
HALEY.STEINMETZ72@GMAIL.C

Case #:  **24-CI-005260**
Court:   **CIRCUIT**
County:  **JEFFERSON Circuit**

---

*Plantiff,* **WASHINGTON, DEWSHAWN VS. MESA FOODS LLC**, *Defendant*

TO:  **CSC GLOBAL**
      **421 WEST MAIN STREET**
      **FRANKFORT, KY 40601**

Memo: Related party is MESA FOODS LLC

The Commonwealth of Kentucky to Defendant:
**MESA FOODS LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*David L. Nicholson*

Jefferson Circuit Clerk
Date: **7/26/2024**

Presiding Judge: HON. ANNIE O'CONNELL (630384)

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

                            _____
                                        Served By

                                        _____
                                             Title

CI : 000001 of 000001

---

Summons ID: @00001074329
CIRCUIT: 24-CI-005260 Certified Mail
WASHINGTON, DEWSHAWN VS. MESA FOODS LLC



**eFiled**

Filed          24-CI-005260   08/19/2024          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:32 AM
HALEY.STEINMETZ72@GMAIL.C

NO. 24-CI-005260

**JEFFERSON CIRCUIT COURT**
**DIVISION TWO (2)**
**HON. ANNIE O'CONNELL**

**DESHAWN WASHINGTON**                                                     **PLAINTIFF**

**v.**                          *Electronically Filed*

**MESA FOODS, LLC**
**D/B/A TEASDALE FOODS, INC.**                                          **DEFENDANT**

## ANSWER

Defendant Teasdale Foods, Inc. d/b/a Mesa Foods, LLC ("Defendant" or "Teasdale Foods"), incorrectly identified in the Complaint as Mesa Foods, LLC d/b/a Teasdale Foods, Inc., for its Answer to the Complaint of Plaintiff Deshawn Washington, ("Plaintiff" or "Washington"), hereby states as follows:

## FIRST DEFENSE

1.      Defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint; as such, Defendant denies the allegations.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in Paragraph 3 of the Complaint only to the extent it is alleged that Defendant maintains a facility and transacts business in Jefferson County, Kentucky. Defendant is without personal knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraph 3 of the Complaint; as such, Defendant denies all remaining allegations contained in Paragraph 3.

4.      The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies all allegations contained in Paragraph 4.

1

ANS : 000001 of 000006

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:32 AM
HALEY.STEINMETZ72@GMAIL.C

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint only to the extent it alleges that Plaintiff is a former employee of Defendant. Defendant is without personal knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 5 of the Complaint that Plaintiff is 42 years old; as such, Defendant denies that allegation in Paragraph 5.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint only to the extent it alleges that Plaintiff began his employment with Defendant in July 2021 as a Project Specialist at Defendant's Jefferson County location. Defendant denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      In response to the allegations contained in Paragraph 9 of the Complaint, Defendant adopts and incorporates, as if fully restated herein, its admissions, denials, and other responses contained in paragraphs 1 through 8 above.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, Defendant adopts and incorporates, as if fully restated herein, its admissions, denials, and other responses contained in paragraphs 1 through 10 above.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant admits that Plaintiff purports to seek the relief alleged in the paragraph beginning "WHEREFORE" on page 3 of the Complaint and the relief alleged in the paragraphs thereafter labeled "A" through "H" on page 3 of the Complaint.  Defendant, however, denies the

ANS : 000002 of 000006

2

Filed 24-CI-005260 08/19/2024 David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:32 AM
HALEY.STEINMETZ72@GMAIL.C

allegations contained in these paragraphs and specifically denies that Plaintiff is entitled to any relief, at law or equity.

14. Defendant denies each and every allegation contained in the Complaint not specifically admitted herein.

15. No defense asserted in this Answer is intended or should be deemed to be an "affirmative defense" or "avoidance" within the meaning of CR 8.03 unless failure to plead the defense would constitute a waiver of the defense.

## SECOND DEFENSE

16. Plaintiff's Complaint, in whole and/or in part, fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

17. Plaintiff's claims are barred to the extent that he has failed to satisfy and/or exhaust any and all administrative, jurisdictional, and/or procedural prerequisites to suit.

## FOURTH DEFENSE

18. Plaintiff's claims must fail to the extent they are untimely and/or barred by the applicable filing deadlines or statutes of limitation.

## FIFTH DEFENSE

19. Plaintiff's damages, if any, are barred to the extent that he has failed to mitigate his alleged damages.

## SIXTH DEFENSE

20. Plaintiff's damages, if any, are limited to the extent there is after-acquired evidence which reduces or eliminates them.

## SEVENTH DEFENSE

3

ANS : 000003 of 000006

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:32 AM
HALEY.STEINMETZ72@GMAIL.C

21. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

## EIGHTH DEFENSE

22. Plaintiff's claims are barred by bankruptcy, if applicable.

## NINTH DEFENSE

23. Plaintiff's damages, if any, are not the result of any action or inaction by Defendant.

## TENTH DEFENSE

24. Any alleged conduct or omission by Defendant is not the cause in fact or proximate cause of any injury to Plaintiff.

## ELEVENTH DEFENSE

25. In the alternative, Plaintiff was not a qualified individual with a disability and never requested any reasonable accommodation.

## TWELFTH DEFENSE

26. Defendant asserts all defenses available pursuant to KRS Chapters 344, 342, as well as the common law of Kentucky, as may be applicable to the facts asserted or proved in this litigation.

## THIRTEENTH DEFENSE

27. Plaintiff's claim for punitive damages is barred, in whole or in part, by the provisions of the U.S. Constitution and the Kentucky Constitution, and because Defendant's actions were not done with malice or reckless indifference to Plaintiff's rights. In the alternative, Kentucky law does not permit punitive damages for claims under KRS Chapter 344.

4

ANS : 000004 of 000006

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:32 AM
HALEY.STEINMETZ72@GMAIL.C

## FOURTEENTH DEFENSE

28.    Defendant's actions with respect to Plaintiff were taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## FIFTEENTH DEFENSE

29.    Plaintiff's claims are barred, in whole and/or in part, by the existence of other available remedies (*i.e.* preemption).

## SIXTEENTH DEFENSE

30.    Plaintiff's claims fail to the extent they are barred by accord, satisfaction, and/or a release of claims.

## SEVENTEENTH DEFENSE

31.    Defendant reserves the right to add any affirmative defenses or other defenses applicable as this case develops.

WHEREFORE, Defendant prays for relief as follows:

A.    That the Plaintiff's action be dismissed with prejudice, and the Plaintiff take nothing thereby;

B.    That Defendant recover from the Plaintiff its attorneys' fees and costs, as permitted by applicable law; and

C.    That Defendant be granted any and all other relief to which it may be entitled.

ANS : 000005 of 000006

NOT ORIGINAL DOCUMENT
08/29/2024 10:09:32 AM
HALEY.STEINMETZ72@GMAIL.C

Respectfully submitted,

/s/ Haley S. Crum
C. Laurence Woods III
lwoods@fbtlaw.com
Haley S. Crum
hcrum@fbtlaw.com
FROST BROWN TODD LLP
400 West Market Street, 32nd Floor
Louisville, KY  40241
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
*Counsel for Defendant, Teasdale Foods, Inc. d/b/a Mesa Foods, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August 2024, I filed the foregoing using the Court's

e-Filing system which will send a notice of electronic filing to the following:

Kurt A. Scharfenberger
kurt@scharfenberger-law.com
9000 Wessex Place, Suite 204
Louisville, KY 40222
Telephone:  (502) 561-0777
*Counsel for Plaintiff*

/s/ Haley S. Crum
*Counsel for Defendant, Teasdale Foods, Inc. d/b/a Mesa Foods, LLC*

EN21652.Public-21652   4875-7196-8982v2

6

ANS : 000006 of 000006